IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CARUSO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:16-CV-01335 |
| | ) | |
| CHIEF D. SAMUEL DOTSON III, in his | ) | JURY TRIAL DEMANDED |
| individual and official capacities, and | ) | |
| | ) | |
| THE CITY OF ST. LOUIS, | ) | |
| MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### PARTIES & JURISDICTION

1.  At all times relevant herein, Plaintiff, Michael Caruso (hereinafter "Caruso"), was and is a resident of the City of St. Louis, in the State of Missouri and a citizen of the United States of America. At all times relevant herein, Caruso was employed by the City of St. Louis through the Metropolitan Police Department, City of St. Louis (hereinafter "Department"), located in the Eastern Division of the Eastern District of Missouri.

2.  Defendant D. Samuel Dotson III (hereinafter "Dotson") has been Chief of the Department since December 14, 2012. He has supervisory authority over the Department and its employees. He is sued in both his individual and official capacities.

3.  Defendant City of St. Louis, Missouri (hereinafter "City") is a municipal corporation organized and existing under the laws of the State of Missouri. More specifically, it is a charter city that operates the Department.

4. The adverse employment action Caruso suffered when he was not promoted to the rank of lieutenant colonel within the Department occurred in the City of St. Louis, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

5. Defendant Dotson was and is Caruso's employer within the meaning of § 213.010(7) as a person directly acting in the interest of an employer. Similarly, Defendant City is an employer within the meaning of § 213.010(7).

6. This action is brought pursuant to 42 U.S.C. §2000(e) *et seq.*, 42 U.S.C. §§ 1981 and 1983, the 14th Amendment to the United States Constitution, and § 213.010 *et seq.* R.S.Mo. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

8. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

9. Caruso has been an employee of the Department since December 20, 1976. He was promoted to the rank of major in January 2013. As a Captain, he served as the Deputy Commander of the Bureau of Community Policing, among other things.

10. Caruso holds a Masters of Business Administration degree from Lindenwood University and a Bachelor of Science degree from Tarkio College in criminal justice management.

11. On or about August 3, 2015, Caruso and Majors Rochelle Jones (hereinafter "Jones") and Ronnie L. Robinson (hereinafter "Robinson") were notified that they were eligible to apply for promotion to a new lieutenant colonel position created within the Department for

what was to be called the Bureau of Community Outreach and Organization Development.  They were the only employees of the Department eligible for this promotion.

12.     This new lieutenant colonel position was created by the Defendants after two white males were promoted to the rank of lieutenant colonel in July 2015.  As a result, all those holding the rank of colonel within the Department were Caucasian males.  This new lieutenant colonel position was created shortly after the total number of lieutenant colonels within the Department had been reduced from 4 to 3 as part of a business plan implemented by Dotson to reduce command positions as part of a broader restructuring of the Department.  Dotson referred to this as his two silo system, with all enforcement functions (community policing and criminal investigations) under the Bureau of Enforcement and all other functions (professional standards and auxiliary services) under the Bureau of Operations.  By doing this, four deputy chief positions (lieutenant colonels) were combined into two positions, reducing the number of lieutenant colonels within the Department.

13.     This new lieutenant colonel position (a bureau commander) had significantly fewer police officers in its line of reporting when it was created  than any other lieutenant colonel position in the Department.  This bureau commander had/has less police officers reporting to it than many captains within the Department.

14.     According to the posting for the new lieutenant colonel position, it required a bachelor's degree with major course work in criminal justice, police science, public or business administration or a closely related field or an equivalent combination of education, training, and experience.  A master's degree with major course work in criminal justice, police science, public or business administration or a closely related filed was listed as a desirable qualification for the newly created position.

3

15. Caruso, Jones, and Robinson all applied for the promotion. Caruso is a Caucasian male. Jones is an African American female. Robinson is an African American male.

16. Upon information and belief, Robinson, who was ultimately promoted to the rank of lieutenant colonel and made the Commander of what was ultimately called the Bureau of Community Affairs, does not have a bachelor's or master's degree, like Caruso. Robinson also has significantly less experience as a St. Louis police officer. Robinson did not become an officer of the Department until April 30, 1990, over thirteen years after Caruso joined the Department in December 1976.

17. The three applicants for the promotion were evaluated based upon a written competency-based assessment, which accounted for 100% of the candidate's rating, as well as a service rating that was scored pass/fail.

18. Based upon the written competency-based assessment, Caruso was ranked first, Jones second, and Robinson third for the promotion.

19. The evaluators noted that Caruso has "a strong understanding of the relationship between the SLMPD and the community, and the steps that are required to foster effective police-community relationships."

20. In correspondence dated September 29, 2015 but received by Caruso after the promotion was announced, Caruso received notice that he had passed the examination for the lieutenant colonel promotion and ranked first on the eligible list. Caruso was told to call and arrange for an interview related to the promotion. However, by the time he received the letter, the promotion had already been made.

21. On September 30, 2015, Caruso (and all other Department employees) were notified that Robinson had been promoted to lieutenant colonel to serve as the Commander of the

4

Bureau of Community Affairs.

22. Prior to Robinson being promoted to the rank of lieutenant colonel, Dotson told Jones that he needed to promote either her or Robinson to the newly created position. As set forth above, both Jones and Robinson are African American. Caruso is Caucasian.

23. Prior to Robinson being promoted to the rank of lieutenant colonel over Caruso, another Caucasian police officer of the Department (David Bonenberger (hereinafter "Bonenberger")) successfully sued after he was discriminated against on the basis of his race when he was not given the position of Assistant Director of the Police Academy, even though he was much more qualified than the African American female given the position. Two command rank officers and a former chief were also named as defendants in the lawsuit. In August 2013, a jury awarded Bonenberger $620,000.00 ($200,000.00 in actual damages and $420,000.00 in punitive damages against the individual officers) in the case styled *Bonenberger v. St. Louis Metropolitan Police Department, et al.,* Cause No. 4:12-CV-00021 CDP. Bonenberger is now suing the City of St. Louis and Defendant Dotson for retaliating against him for successfully suing the Department.

24. Shortly after the jury returned its verdict in August 2013 in the *Bonenberger* case, the Department began an Internal Affairs Division investigation into whether the two command ranks officers (who were still employed by the Department) intentionally discriminated against Bonenberger and conspired to do so. Upon information and belief, this investigation was handled differently than other Internal Affairs Division investigations.

25. In September 2013, Dotson sent a Department-wide email that stated:

> Let it be known that racism or discrimination of any kind will not be tolerated within [the] police family. … If any member of this department … engages in this type of activity, they will not have a place here with us.

5

26. Despite Dotson's claim that discrimination would not be tolerated in the Department, on or about October 22, 2014 he caused the Internal Affairs Division investigation into the intentional discrimination against Bonenberger to be closed. The investigation was closed just two (2) days after the district court issued a Memorandum and Order on October 20, 2014 denying a request for post-trial relief and further ordering Bonenberger to be paid an additional $170,000.00 (plus) for costs and attorneys' fees.

27. Upon information and belief, Dotson never disciplined the command rank officers who conspired to intentionally discriminate against Bonenberger, even though their misconduct cost the City over $800,000.00 when costs, attorneys' fees, and interest were added to the Judgment.

28. On April 29, 2014, the district court as part of its Judgment in the *Bonenberger* case enjoined the Department and its command staff from illegal discrimination based upon race in future employment decisions, ordered the Department to comply with its own policies regarding the reporting of illegal discrimination, and ordered Dotson and others to undergo anti-discrimination training in 2014, 2015, and 2016. Dotson objected to being required to participate in this anti-discrimination training.

29. Caruso timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Missouri Commission on Human Rights (hereinafter "MCHR") after he was not promoted by the Defendants.

30. Both the EEOC and MCHR issued Caruso "right to sue" letters. The EEOC issued its letter on May 25, 2016, and the MCHR issued its letter on June 29, 2016.

31. As a direct and proximate result the acts of the Defendants alleged herein, Caruso has suffered and will continue to suffer lost wages and other benefits of employment.

32. As a direct and proximate result the acts of the Defendants alleged herein, Caruso has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

## COUNT I
### PLAINTIFF'S TITLE VII AND MHRA CLAIMS BASED UPON RACE DISCRIMINATION

For Count I of Plaintiff's cause of action against Defendants, Plaintiff states:

33. Caruso alleges and incorporates by reference as if fully set forth herein all preceding paragraphs of this Complaint.

34. Caruso applied for the promotion to the rank of lieutenant colonel to serve as the Commander of what is now known as the Bureau of Community Affairs.

35. Defendants did not promote Caruso to the rank of lieutenant colonel because of his race, Caucasian.

36. Caruso was more qualified for the lieutenant colonel promotion than the African American male selected for the position.

37. A less qualified African-American male was promoted to lieutenant colonel because of his race.

38. Caruso suffered an adverse employment action when he was not promoted to the rank of lieutenant colonel.

39. Any purported reasons that the Defendants might offer for the promotion of Robinson over Caruso to the rank of lieutenant colonel is nothing but pretext to conceal the Defendants' illegal discrimination against Caruso.

40. The actions, policies and practices complained of herein were in violation of

Caruso's rights secured by 42 U.S.C. §2000(e) *et seq.* and R.S.Mo. §213.010 *et seq.*

41. The acts complained of herein also violated the district court's April 29, 2014 Judgment that enjoined the Department and its command staff from illegal discrimination based upon race in future employment decisions.

42. As a direct and proximate result the acts of the Defendants alleged herein, Caruso has suffered and will continue to suffer lost wages and other benefits of employment.

43. As a direct and proximate result the acts of the Defendants alleged herein, Caruso has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

44. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Caruso's statutory rights as set forth above and/or was outrageous because of Defendants' evil motive or reckless indifference to the rights of others, making an award of punitive damages appropriate to punish these Defendants and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Michael Caruso prays this Court enter judgment in his favor and against the Defendants and thereafter order Defendants to make him whole by granting him equitable relief to include but not necessarily be limited to promoting him to the rank of lieutenant colonel with all privileges and emoluments of such office; finding Defendants in contempt of the district court's April 29, 2014 Judgment; awarding Caruso damages for all lost wages and benefits he has suffered and will suffer; awarding him damages for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal

and professional reputation; awarding Caruso punitive damages against the Defendants in such sum as this Court believes will serve to punish them and to deter them and others from like conduct in the future; awarding Caruso the costs of this action, together with his reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT II
## VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION COGNIZABLE UNDER 42 U.S.C. SECTION 1983

For Count II of Plaintiff's cause of action against the Defendants, Plaintiff states as follows:

45. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

46. Defendants, acting under color of state law, deliberately acted against Caruso as set forth above because of his race, Caucasian, causing him to be deprived of his rights secured by the Constitution and laws of the United States.

47. The actions, practices, customs, and usages complained of herein create a cognizable claim pursuant to 42 U.S.C. §1983 in that they have denied Caruso of his rights secured by Title VII of the Civil Rights Act of 1964, as well as equal protection under the law secured by the Fourteenth Amendment to the United States Constitution.

48. The actions complained of herein were taken by Defendant Dotson in his role as Chief of Police as part of a deliberate practice, custom, or usage of discrimination against Caruso, a Caucasian employee of the Department, who was more qualified for the promotion to lieutenant colonel.

49. Upon information and belief the City/Department by custom, usage, and/or

9

practice have engaged in acts of discrimination against police officers employed by the City such that the City may be held liable for the illegal discrimination against Caruso.

50. The acts complained of herein also violated the district court's April 29, 2014 Judgment that enjoined the Department and its command staff from illegal discrimination based upon race in future employment decisions.

51. As a direct and proximate result the acts of Defendant Dotson alleged herein, Caruso has suffered and will continue to suffer lost wages and other benefits of employment.

52. As a direct and proximate result the acts of Defendant Dotson alleged herein, Caruso has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

53. The conduct of Defendant Dotson as set forth herein was wanton, willful, and showed a reckless indifference to Caruso's constitutional and statutory rights as set forth above, making an award of punitive damages appropriate to punish this Defendant and to deter him and others from like conduct in the future.

WHEREFORE, Plaintiff Michael Caruso prays this Court enter judgment in his favor and against Defendants and thereafter order them to make him whole by granting him equitable relief to include but not necessarily be limited to promoting him to the rank of lieutenant colonel with all privileges and emoluments of such office; finding Defendants in contempt of the district court's April 29, 2014 Judgment; awarding Caruso damages for all lost wages and benefits he has suffered and will suffer; awarding Caruso damages for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal

and professional reputation; awarding Caruso punitive damages against Defendant Dotson in his individual capacity in such sum as this Court believes will serve to punish him and to deter him and others from like conduct in the future; awarding Caruso the costs of this action, together with his reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT III
## VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY  42 U.S.C. SECTION 1981

For Count III of Plaintiff's cause of action against all Defendants, Plaintiff states as follows:

54. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

55. Defendants refused to promote Caruso to the rank of lieutenant colonel even though he was more qualified for the promotion.

56. Caruso's race was the determining factor, motivating factor, or played a part in the Defendants' decision not to promote him.

57. Any stated reason for promoting Robinson over Caruso was not the real reason for this decision but pretext to hide race discrimination.

58. The acts complained of herein also violated the district court's April 29, 2014 Judgment that enjoined the Department and its command staff from illegal discrimination based upon race in future employment decisions.

59. As a direct and proximate result the acts of the Defendants alleged herein, Caruso has suffered and will continue to suffer lost wages and other benefits of employment.

60. As a direct and proximate result the acts of the Defendants alleged herein,

Caruso has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

61.     The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Caruso's statutory rights as set forth above, making an award of punitive damages appropriate to punish Defendant Dotson in his individual capacity to deter him and others from like conduct in the future.

WHEREFORE, Plaintiff Michael Caruso prays this Court enter judgment in his favor and against the Defendants and thereafter order Defendants to make him whole by granting him equitable relief to include but not necessarily be limited to promoting him to the rank of lieutenant colonel with all privileges and emoluments of such office; finding Defendants in contempt of the district court's April 29, 2014 Judgment; awarding Caruso damages for all lost wages and benefits he has suffered and will suffer; awarding him damages for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation; awarding Caruso punitive damages against Defendant Dotson in his individual capacity in such sum as this Court believes will serve to punish him and to deter him and others from like conduct in the future; awarding Caruso the costs of this action, together with his reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IV
## FAILURE TO TRAIN, INSTRUCT, SUPERVISE, CONTROL AND/OR DISCIPLINE COGNIZABLE UNDER 42 U.S.C. SECTION 1983

For Count IV of Plaintiff's cause of action against Defendant City of St. Louis, Plaintiff

states as follows:

62. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

63. While the Department and City purportedly have policies and procedures prohibiting discrimination, there exists within the Department and/or City customs, practices and usages that are so pervasive that they constitute the policies of Defendant City, which caused the violation of Caruso's constitutional and statutory rights as set forth above.

64. The City's failure to affirmatively act in the face of transgressions about which it knew or should have known, established the unwritten policies, customs, practices, and/or usages of this Defendant to condone or otherwise tolerate conduct that violates the constitutional and federal statutory rights of employees of the Department in general and specifically the conduct described in this Complaint. Alternatively, this Defendant has delegated and abrogated all supervisory power. Had this Defendant acted affirmatively to properly train and supervise command rank officers and/or to properly discipline command rank officers when they conduct themselves in ways that violate the constitutional and federal statutory rights of others, the discrimination against Caruso on the basis of his race would not have occurred.

65. The failures and refusals set forth herein create a claim cognizable under 42 U.S.C. §1983.

66. In it failures as above-described, the City intentionally disregarded known facts or alternatively was deliberately indifferent to a risk of violating the federal rights of others, of which it knew or should have known, and its culpability caused the violation of Caruso's federally protected constitutional and statutory rights.

67. The acts complained of herein also violated the district court's April 29, 2014

Judgment that enjoined the Department and its command staff from illegal discrimination based upon race in future employment decisions.

68.	As a direct and proximate result the acts and/or omissions of Defendant City alleged herein, Caruso has suffered and will continue to suffer lost wages and other benefits of employment.

69.	As a direct and proximate result the acts and/or omissions of Defendant City alleged herein, Caruso has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

WHEREFORE, Plaintiff Michael Caruso prays this Court enter judgment in his favor and against Defendant City of St. Louis and thereafter order this Defendant to make him whole by granting him equitable relief to include but not necessarily be limited to promoting him to the rank of lieutenant colonel with all privileges and emoluments of such office; finding Defendant City in contempt of the district court's April 29, 2014 Judgment; awarding Caruso damages for all lost wages and benefits he has suffered and will suffer; awarding him damages for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation; awarding Caruso the costs of this action, together with his reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

        Respectfully submitted,

        **PLEBAN & PETRUSKA LAW, LLC**

By:       /s/ Lynette M. Petruska
        C. John Pleban, Mo. Bar No. 24190
        cpleban@plebanlaw.com
        Lynette M. Petruska, Mo. Bar No. 41212
        lpetruska@plebanlaw.com
        J.C. Pleban, Mo. Bar No. 63166
        JC@plebanlaw.com
        2010 South Big Bend Blvd.
        St. Louis, MO  63117
        (314) 645-6666 - Telephone
        (314) 645-7376 - Facsimile

        Attorneys for Plaintiff