UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CARUSO, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16 CV 1335 RWS |
| CITY OF ST. LOUIS and D. SAMUEL DOTSON, III, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Michael Caruso brings claims against D. Samuel Dotson III, Chief of the St. Louis Metropolitan Police Department, and the City of St. Louis, alleging he was passed over for a promotion based on his race.  Caruso brings four counts, naming Dotson in both his individual and official capacities: (1) Title VII and Missouri Human Rights Act claims based on race discrimination; (2) equal protection under 42 U.S.C. § 1983; (3) violation of Caruso's rights secured by 42 U.S.C. § 1981; and (4) failure to train, instruct, supervise, control, or discipline under section 1983 (against the City only).  Defendants move to dismiss all of Plaintiff's official-capacity claims against Dotson and the individual-capacity claim against Dotson under Title VII in Count I.  See Fed. R. Civ. P. 12(b)(6).[1]

---

[1] In ruling on a motion to dismiss, I must accept all factual allegaitons in the complaint as true and view them in the light most favorable to the plaintiff.  Hager v. Ark. Dep't of Health, 735

Defendants move to dismiss all of the official-capacity claims against Dotson as duplicative of the claims against the City.  "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Robb v. Hungerbeeler, 370 F.3d 735, 739 (8th Cir. 2004) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)) (internal citation and quotation marks omitted)).  Plaintiff does not present any opposition to dismissing the official-capacity claims except the official-capacity Title VII claim in Count I.  Plaintiff agrees that a claim against an individual in his official capacity is really a suit against the entity but argues that such a claim, even if redundant, need not be dismissed just because the employer is also a named defendant.  It is proper for a court to dismiss a claim against a government officer in his official capacity as duplicative or redundant if the claims are also asserted against the officer's governmental employer.  See Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010); Bonenberger v. City of St. Louis, 2016 WL 5341113, at *2 (E.D. Mo. Sept. 23, 2016).  Caruso's official-capacity claims against Dotson are duplicative of the claims against the City.  As a result, I will dismiss the official-capacity claims against Dotson.

---

F.3d 1009, 1013 (8th Cir. 2013).  A plaintiff must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

The parties agree that Title VII claims cannot be pursued against Dotson in his individual capacity and that the individual-capacity Title VII claim against Dotson should be dismissed, so I will dismiss the individual-capacity Title VII claim against Dotson in Count I.  See Bonomolo-Hagen v. Clay Cent.-Everly Comm. Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (explaining the Eighth Circuit has "squarely held that supervisors may not be held individually liable under Title VII").  Defendants have not moved to dismiss the Missouri Human Rights Act claim against Dotson in his individual capacity in Count I, and that claim will go forward.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss #[4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII claim in Count I against Defendant Dotson in his individual and official capacities is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's other official-capacity claims against Defendant Dotson in Counts I, II, and III are **DISMISSED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2016.